RECEIVED *nmp*

*1-25-2008*

JAN 25 2008 *aw*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

KC. C. Cathy - #N53079 )
_____ )
Plaintiff )

)       08CV572
vs. )        JUDGE KENNELLY
)        MAGISTRATE JUDGE DENLOW
)
Roger E. Walker Jr. Dir. IDOC )
Terry L. McCann, Warden, Stateville C.C. (C.E.O.) )
Mr. Tanner, Mgr./Food Supervisor, Stateville )
Dr. Parth Ghosh, MD. /HCU - Stateville C.C. )
_____
Defendant(s) (Wexford Medical)
Mfg. /Mannitowac (Ice Machine)
U.S.A. Corp.            **COMPLAINT**

☒       42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐       28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐       Other _____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, KC. C. Cathy _____, and states as follows:

My current address is: P.O. Box 112 (D3-D), Joliet, IL. 60434

The defendant Roger E. Walker Jr is employed as Director of Illinois
Dept. of Corrections   at 1301 Concordia Ct. Springfield, IL. 62794-9277

The defendant Terry L. McCann, is employed as Warden of Stateville
C.C. (Chief Execu. Officer) at P.O. Box 112 (Admin. Blg)

The defendant Mr. Tanner, is employed as Mgr./Food Supervisor
@ Stateville C.C.   at P.O. Box 112 (Admin. Blg)

The defendant Dr. Parth Ghosh, MD is employed as Physician/Gen. Pract.
(c/o Wexford Medical)
Stateville C.C. /HCU at P.O. Box 112 (Admin. Blg).

(revised 9/96)

The defendant Mfg./Mannitowac, is employed as Vender/Mfg. of
ice Machine _____ at Stateville/MSU-Dietary.Kitchen
P.O. Box 112, Bluff, IL 60434

Additional defendants and addresses _____

— Not applicable —

_____

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

**LITIGATION HISTORY**

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?       Yes  ☐       No  ☒

If yes, please describe _____ Not applicable _____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

                    Yes  ☐                    No  ☒

C. If your answer to B is yes, how many? __N/A__  Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

   1. Parties to previous lawsuit:

     Plaintiff(s) _____ N/A _____

     Defendant(s) _____ N/A _____

      _____ N/A _____

   2. Court (if federal court, give name of district; if state court, give name of county)

      _____ N/A _____

   3. Docket Number/Judge _____ N/A _____

4. Basic claim made _____ N/A _____

5. Disposition (That is, how did the case end.  Was the case dismissed?  Was it appealed?  Is it

still pending?) _____ N/A _____

6. Approximate date of filing of lawsuit ___ N/A _____

7. Approximate date of disposition _____ N/A _____

For additional cases, provide the above information in the same format on a separate page.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.  Is there a grievance procedure available at your institution?  Yes  ☒    No  ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?  Yes  ☒    No  ☐

If your answer is no, explain why not _____ N/A _____

_____

C.  Is the grievance process completed?    Yes  ☒    No  ☐

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES.  PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

## STATEMENT OF CLAIM

Place of the occurrence _Dietary Dept./Kitchen - Stateville - MSU_

Date of the occurrence _October 8, 2007_

Witnesses to the occurrence _Food Supervisor Kessler (2nd shift)_

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims*
*should be raised in a separate civil action.*

### THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

(As stated in grievance) On October 8, 2007, this inmate was on his work detail (Dietary II/cook), getting ice for the grill (meal prep.) from the ice machine, using a (small) brown scooper/bucket to remove from the ice machine (Mfg. Mannitowac, U.S.A.). While in the process of scooping out ice, I felt a sharp pain, as I received a cut on my right ring finger from a razor-sharp edge (inside of) a plate located inside of the ice machine. (located in rear of kitchen area). The deep gash, caused tremendous blood loss.

F/S Kessler, who was in the area, ran over observed my injury, and radioed for a "Medical tech/Nurse response". (R.N. Ms. Fry) Upon (her) arrival she did a primary assessment of my finger, and radioed to her superiors, that I needed —

4

Immediate "emergency room" treatment; to an (outside) hospital. I was escorted on foot by F/S Kessler, and RN: Ms. Fry to NRC/HCU, where by wound was tied off with a gauze; to stop bleeding & a bag of ice applied. I was then transported behind the wall to Stateville/HCU, for 2 hrs; awaiting authorization for clearance for transport to St. Joseph/Provena, Medical Center, 333 North Madison St., Joliet, Il. 60435-8233, where I was given a patient assess., treated; receiving sutures to Mend the deep cut to his right ring finger.

The ER/doctor released this inmate, upon return to Stateville, put under 23 hr. observation, then returned to MSU. Along, with delayed care, it took 10 days to receive Meds. (pain & antibiotics).

I still do not have regular use of finger, nor proper range of Motion. Stateville, has failed to comply with the doctor's orders @ Univ. of Chgo. & St. Joseph/Provena, Joliet, Il. 60436. No follow-up; physical therapy, or attempt to address formation knot, where injury occurred.

5

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

To be restored back to my original state (before accident). And to receive compensatory damages in the amount of: $45,000 (Forty-five thousand dollars), $5,000 punitive damages (Five thousand dollars) for relief of pain and suffering, and emotional distress caused by inadequate Medical treatment and the neglect to follow the specified follow-up aftercare of specialist at Univ. of Chgo. Medical Dept., Chgo IL. This injury could result in a permanent disability to provide for family.

**JURY DEMAND**          Yes ☒          No ☐

Signed this ___13TH___ day of ___JANUARY___, ~~10~~ 2008

_____K.C. Cathy_____ #N-53079
( *Signature of Plaintiff*)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| K.C. CATHY | IDOC NUMBER - N-53079 |
| Address: STATEVILLE/M.S.U.-FARM P.O. Box 112 (D3D) Joliet IL, 60434 | Telephone Number: * WIFE (YALANDA CATHY) (773) 276-5956 (CONTACT PERSON) |

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: December 21, 2007 _____    Date of Review: December 21, 2007 _____    Grievance # (optional): 1648

ID#: N53079 _____

Committed Person: K.C. Kathy _____

Nature of Grievance: Medical Tx

**Facts Reviewed:** Grievant alleges cutting his hand on the ice machine while working his assignment. He states he did get treatment but not the follow up he feels is necessary.

**Counselor Response:** Inmate was seen by HCU on 10-25-07 for follow up on his hand. Medical stated an MRI will be scheduled ASAP.

This Grievance Officer reviewed grievance and finds it appears the issue has been resolved. This officer advises if it has not been, the grievant should send a letter to C. Vance HCU Administrator.

**Recommendation:** Grievance resolved

Tammy Garcia _____        _____ To_____Garcia _____
Print Grievance Officer's Name                           Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 12-26-07    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

W. Mc Cuew _____                        12-26-07 _____
Chief Administrative Officer's Signature                           Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____        _____        _____
Committed Person's Signature                    ID#                    Date

Distribution: Master File; Committed Person                Page 1                DOC 0047 (Eff. 10/2001)
                                                                                        (Replaces DC 5657)
                                        Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

## Correctional Center
## Return of Grievance or Correspondence

Offender: _Cathy_ _Barker_ (Last Name)    _KC_ (First Name)    ___ MI    _N53079_ ID#

Facility: _STA_

☑ Grievance (Local Grievance # (if applicable): _____ )    or    ☐ Correspondence

Regarding: _medical_

Received: _11/4/07_ Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☑ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:  Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL  62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL  62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on ___/___/___ Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _____

Completed by: _Melody J. Ford_ Print Name    _Melody J. Ford_ Signature    _11/8/07_ Date

DOC 0070 (10/2001)
(Replaces DC 710-1274)

Distribution:  Offender; Inmate Issues

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 10/18/07 | Committed Person: (Please Print) K.C. CATHY | | ID#: N-53079 |
|---|---|---|---|
| Present Facility: M.S.U. (Stateville) | Facility where grievance issue occurred: Stateville (M.S.U.) | | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☑ Medical Treatment | ☐ Other (specify): |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | |

☐ Disciplinary Report: ___/___/___  Date of Report _____   Facility where issued _____

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: On October 8, 2007, this inmate was on his work detail (Dietary 2 - Cook), getting ice for the grill, from the ice machine. A bucket that was on top of the ice machine, was used to scoop out ice from the machine (note: replaced by metal ice scooper/attached to side of machine). While in the process of scooping out ice, I received a cut on my right ring finger from a razor-sharp edge from a plate located inside of the ice machine (located in rear of kitchen area). The deep gash, immediately gushed blood. I immediately called for the food supervisor.

Relief Requested: Follow-up exams, MRI and X-RAY scans, for possible nerve or tendon damage. Evaluation for long-term damage to finger caused by work-related accident.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| K.C. Cathy | | N-53079 | 10.18.07 |
|---|---|---|---|
| Committed Person's Signature | | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: 10.22.07 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |
|---|---|---|

Response: Inmate was seen by HCU on 10/25/07 for follow-up of his wound. Medical Stated will get an MRI scheduled ASAP.

| R. Glenn | R. Glenn | 10.30.07 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

RECEIVED
NOV 6 2007
OFFICE INMATE ISSUES

_____   ___/___/___
Chief Administrative Officer's Signature    Date

**COMMITTED PERSON'S GRIEVANCE** (Continued)

supervisor

Kessler (%), who ran over observed my injury, and called on his radio was a "med tech" (Ms. Fry) Upon her arrival, she examined my finger, then called for permission for emergency transport to an outside hospital.

I was sent behind the wall (Admin Blg.) for 2 hrs, until I received clearance by the Warden and the Doctor on call. I was then transported by 2-%'s to St. Joseph/Provena - Trauma Ctr. located on Madison & Glenwood Ave. Joliet IL. I was assessed by the ER/Dr and triage Nurses. The ER doctor, gave 4 sutures to mend the deep cut to my right ring finger (right hand).

The ER doctor, then released me, where I was transported back to Stateville's/HCU - for 23 hr — observation at the HCU/Stateville-side, then returned to MSU side.

My finger is still in extreme pain and my finger has limited range of motion.

This incident occurred: 10/8/07 (Oct. 8/07) It was 10 days, to the date of 10/18/07 (Oct. 18, 07) until I was given the recommended antibotic. And pain pills for my injury.

I still do not have near the regular range of motion, I originally had.

Also, I still have the 4 sutures in my finger, that are non-dissolving, that should have been removed.

I strongly believe that I have not received adequate medical care, nor proper follow-up care. for my injury.

Unless I get adequate treatment or follow-up care, I fear I will not gain my normal range of motion, and normal use of my finger. <END> ** Relief sought: To be restored back to my original state (before accident) And, to be compensated for emotional distress, pain and suffering due to inadequate medical treatment, inadequate follow-up/aftercare; which I believe could result in a permanent impairment of my finger, and the inability to provide gainful employment, for my wife, and family of four children (ages: 4 yrs, 11yrs, 13 yrs & 15 yrs) Upon my release & return back to society. (MSR: 5/8/08)