UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| K.C. CATHEY, No. N53079, ) | |
| ) | |
| Plaintiff, ) | No. 08 CV 572 |
| ) | |
| v. ) | Judge Kennelly |
| ) | Magistrate Judge Denlow |
| PARTHASARATHI GHOSH, M.D. and his ) | |
| UNNAMED SUBORDINATES; WEXFORD ) | |
| HEALTH SOURCES, INC.; WARDEN ) | |
| TERRY L. MCCANN; FOOD SERVICE ) | |
| SUPERVISOR TANNER; THE MANITOWOC ) | |
| COMPANY, INC.; and MANITOWOC ICE, INC. ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, K.C. Cathey, by and through his attorneys and pursuant to the Court's March 27, 2008 Order, brings this First Amended Complaint against the following defendants: Dr. Parthasarathi Ghosh and his subordinates; Wexford Health Sources, Inc.; Warden Terry L. McCann; Food Service Supervisor Tanner; The Manitowoc Company, Inc. and Manitowoc Ice, Inc. This action arises out of the serious medical injury Mr. Cathey suffered while in the custody of the state of Illinois. That injury, as well as the subsequent care and rehabilitation of the injury created a serious need for appropriate medical care. Mr. Cathey brings this claim against prison officials and individuals who acted under color of law in denying Mr. Cathey the appropriate medical care he required. Mr. Cathey further brings claims against The Manitowoc Company, Inc. and Manitowoc Ice, Inc. for product liability.

## PARTIES

1.     Plaintiff K.C. Cathey is an Illinois resident and has been an inmate in Stateville Correctional Center ("Stateville") with prisoner number N53079 from at least October 1, 2007 through the present.

2.     Defendant Dr. Parthasarathi Ghosh ("Ghosh") is the medical director at Stateville. On information and belief, Ghosh is an employee of Wexford Health Sources, Inc. Ghosh is sued here in his individual and official capacities. At all relevant times, Ghosh was acting under color of state law and within the scope of his employment for Wexford Health Sources, Inc.

3.     Defendant Unnamed Subordinates of Ghosh work under the supervision of Ghosh at Stateville. The Unnamed Subordinates of Ghosh may have been assigned tasks by Ghosh to review requests for and provide medical care for Mr. Cathey. All allegations against Ghosh should also be considered as made against his subordinates. At all relevant times, subordinates of Ghosh were acting under color of state law and within the scope of their employment for Ghosh.

4.     Defendant Wexford Health Sources, Inc. ("Wexford") on information and belief is a Florida corporation transacting business in Illinois. Wexford is a healthcare provider for the Illinois Department of Correction facilities, including Stateville. Wexford has continuous and systematic contacts with Illinois as it transacts business in the state of Illinois thereby purposefully availing itself of the privilege of conducting activities within Illinois. At all relevant times, Wexford was acting under color of state law by and through its lawful agents, including Ghosh.

5.     Ghosh, Unnamed Subordinates of Ghosh, and Wexford (the "Medical Defendants") pursuant to authority vested in them by the state of Illinois, are the individuals and

entity primarily responsible for Mr. Cathey's medical care.

6. Defendant Terry L. McCann ("McCann") is the warden of Stateville where Mr. Cathey is incarcerated. McCann is sued here in his individual and official capacities. At all relevant times, McCann was acting under color of state law and within the scope of his employment.

7. Defendant Food Supervisor Tanner ("Tanner"), on information and belief, was charged with supervision of the kitchen at Stateville where Mr. Cathey's injury occurred. Tanner is sued here in his individual and official capacities. At all relevant times, Tanner was acting under color of state law and within the scope of his employment.

8. Defendant The Manitowoc Company, Inc., is a Wisconsin Corporation, that via business segment Manitowoc Foodservice Group is the parent corporation of Defendant Manitowoc Ice, Inc. (collectively "Manitowoc"). On information and belief, Defendant Manitowoc Ice, Inc., manufactured the ice machine located in the Stateville kitchen on which Mr. Cathey cut his finger. On information and belief, Manitowoc has continuous and systematic contacts with Illinois as it transacts business in the state of Illinois thereby purposefully availing itself of the privilege of conducting activities within Illinois.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, the Eighth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983.

10. Venue is proper under 28 U.S.C. § 1391 because all of the events set forth in this Complaint occurred during Mr. Cathey's incarceration in the state of Illinois and at hospitals located in the state of Illinois. Venue therefore properly lies in the Northern District of Illinois.

11. This Court has jurisdiction over Mr. Cathey's state claims under 28 U.S.C.

§§ 1367 and 1332.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

12. Mr. Cathey is incarcerated in Stateville Correctional Center.

13. On October 8, 2007, Mr. Cathey was assigned to work in the kitchen of "the Farm," a minimum security section of the prison. On information and belief, Defendant Tanner was charged with supervising this kitchen and the work conditions therein.

14. As part of his duties in the kitchen, Mr. Cathey went to get ice to clean the grill, as he was previously instructed.

15. On information and belief, the ice machine in the kitchen was manufactured by Manitowoc Ice, Inc.

16. As Mr. Cathey scooped ice from the machine, his right ring finger was deeply cut by a metal plate edge inside the ice machine. The metal plate edge was not immediately visible because it was obscured by ice.

17. Mr. Cathey's use of the machine was in accordance with its intended purpose and use.

18. Mr. Cathey's cut was so severe that as he cleaned it, he could see his bone.

19. Mr. Cathey was taken to Provena St. Joseph Medical Center in Joliet where he received stitches.

20. Mr. Cathey was returned to Stateville where his medical care as supervised by the Medical Defendants was sufficiently inadequate to constitute deliberate indifference. Specifically, Medical Defendants failed to:

    a. Respond to Mr. Cathey's repeated requests for appropriate medical attention and rehabilitation;

4

    b. Promptly provide Mr. Cathey with pain management medication, antibiotics, proper diagnostic tests, and other appropriate medication and testing;

    c. Provide Mr. Cathey appropriate medical care and attention for his serious injury.

21. Despite Mr. Cathey's constant and severe pain, the Medical Defendants neglected to take the steps necessary to treat his serious health condition.

22. Mr. Cathey has exhausted the administrative remedies available to him.

23. Despite an Illinois Department of Corrections' remand to Warden McCann to have Mr. Cathey's medical status assessed, on information and belief Warden McCann failed to ensure the Medical Defendants provided Mr. Cathey adequate medical care.

24. Warden McCann's inaction constituted deliberate indifference to Mr. Cathey's serious medical injury. Specifically, Warden McCann failed to require the Medical Defendants to:

    a. Respond to Mr. Cathey's repeated requests for appropriate medical attention and rehabilitation;

    b. Promptly provide Mr. Cathey with pain management medication, antibiotics, proper diagnostic tests, and other appropriate medication and testing;

    c. Provide Mr. Cathey appropriate medical care and attention for his serious injury.

25. Mr. Cathey was informed by his physical therapist that he has decreased mobility of the median nerve in his right hand.

26. As a result of his injury Mr. Cathey has limited mobility and physical pain in his arm and hand.

27.     Mr. Cathey is presently in prison and is scheduled for release in June 2008.

28.     Mr. Cathey's injuries will require care and rehabilitation into the future.

29.     Mr. Cathey's income earning potential has been limited due to his injury, and he is reasonably certain to lose earning capacity in the future because of his injuries.

30.     Mr. Cathey has suffered damages, including but not limited to, injury, great physical pain, emotional distress, mental anguish, and loss of life's pleasures.  Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

## COUNT I
### VIOLATIONS OF 42 U.S.C. § 1983 (Cruel and Unusual Punishment)
### (Medical Defendants & Defendant McCann)

31.     Each of the preceding paragraphs is incorporated as if restated fully herein.

32.     The Eight Amendment of the United States Constitution prohibits Cruel and Unusual Punishment.

33.     As described more fully above, while Mr. Cathey was incarcerated at Stateville, the Medical Defendants & McCann, while acting under color of law and within the scope of employment, failed to provide him with adequate medical care as was their Constitutional duty and in violation of his rights.

34.     As a result of the unjustified and unconstitutional conduct of the Medical Defendants & McCann, Mr. Cathey has suffered pain and injury, as well as emotional distress.

35.      In this manner, the conduct of the Medical Defendants & McCann was objectively unreasonable and deliberately indifferent to Mr. Cathey's objectively serious medical needs.  Medical Defendants & McCann willfully and wantonly deprived Mr. Cathey of adequate medical care.

36.     While in custody of the state of Illinois, Mr. Cathey suffered a serious injury.

6

That injury and the subsequent care and rehabilitation the injury required constituted a serious medical need.

37. Mr. Cathey's injury and need for subsequent care and rehabilitation was so obvious that even someone who is not a doctor would recognize it as requiring treatment.

38. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

39. At all times relevant herein, Mr. Cathey had a clearly established constitutional right to not be subject to cruel and unusual punishment under the Eighth Amendment. Any reasonable person would have been aware of Mr. Cathey's constitutional rights.

40. Medical Defendants & McCann were deliberately indifferent to Mr. Cathey's serious medical need. Medical Defendants & McCann knew of a substantial risk of serious harm, knew of Mr. Cathey's need for medical care, knew that failure to timely provide such care would aggravate his medical conditions and injuries, and knew that failure to provide such care would exacerbate severe pain and suffering caused by those medical conditions and injury. Medical Defendants & McCann consciously disregarded this risk by failing to take reasonable measures to ensure Mr. Cathey received the care he needed. Further, Medical Defendants & McCann failed to take reasonable measures despite the fact that it was practical and feasible for them to take corrective action.

41. Even if Medical Defendants & McCann did not have actual knowledge of the substantial risk of serious harm, Medical Defendants & McCann strongly suspected that that such injury was possible, yet shut their eyes for fear of what they would learn, and therefore were deliberately indifferent.

42. As a direct and proximate result of the above-described wrongful infringement of

Mr. Cathey's rights, Mr. Cathey has suffered damages, including but not limited to, injury, great physical pain, emotional distress, mental anguish, and loss of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Medical Defendants)

43. Each of the preceding paragraphs is incorporated as if restated fully herein.

44. As described more fully in the preceding paragraphs, Medical Defendants engaged in extreme and outrageous conduct.

45. Medical Defendants' have engaged in extreme and outrageous conduct with respect to Mr. Cathey by refusing to provide Mr. Cathey with adequate medical attention despite his serious medical condition.

46. Medical Defendants' conduct is rooted in an abuse of power and authority.

47. Medical Defendants' conduct was undertaken with intent or knowledge that there was a high probability that such conduct would inflict severe emotional distress, and a reckless disregard of that probability.

48. As a direct and proximate result of Medical Defendants' conduct, Mr. Cathey suffered severe physical pain, emotional distress, and anguish.

## COUNT III
### MEDICAL NEGLIGENCE
### (Defendants Ghosh and Unnamed Subordinates)

49. Each of the preceding paragraphs is incorporated as if restated fully herein.

50. On information and belief, at all relevant times, Ghosh was a physician duly licensed to practice medicine in the state of Illinois.

51. Mr. Cathey was Ghosh's patient.

52. At all relevant times, it was Ghosh and Unnamed Subordinate's duty to possess and apply knowledge, use, skill and care ordinarily possessed and applied by a reasonably well qualified physician or medical professional in the same or similar circumstances and to exercise ordinary care and caution in Mr. Cathey's treatment.

53. Ghosh and Unnamed Subordinates deviated from the standard of care and were negligent in the care and treatment of Mr. Cathey in one or more of the following respects:

   a. Negligently failing to comply with reasonable medical standards by failing to promptly reply to Mr. Cathey's requests for medical care and rehabilitation for his serious injury;

   b. Negligently failing to comply with reasonable medical standards by failing to promptly prescribe proper medication to treat Mr. Cathey's pain;

   c. Negligently failing to comply with reasonable medical standards by failing to provide adequate care for Mr. Cathey and adequate testing to determine the extent of his injuries;

   d. Otherwise negligently failing to comply with reasonable medical standards.

54. As a direct and proximate result of one or more of the foregoing acts by Ghosh and Unnamed Subordinates, Mr. Cathey suffered exacerbated pain and suffering with an increased risk of long term disability and a worsened prognosis.

55. As a direct and proximate result of one or more of the foregoing acts by Ghosh and Unnamed Subordinates, Mr. Cathey has suffered great physical pain, emotional distress, mental anguish, and loss of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**COUNT IV**
**MEDICAL NEGLIGENCE**
**(Defendant Wexford)**

56.　　Each of the preceding paragraphs is incorporated as if restated fully herein.

57.　　On information and belief, at all relevant times, Wexford was the healthcare provider for Stateville.

58.　　As the healthcare provider, Wexford is directly in charge of Mr. Cathey's healthcare and treatment.

59.　　On information and belief, at all relevant times, Ghosh was a physician duly licensed to practice medicine in the state of Illinois and employed by Wexford.

60.　　At all relevant times, Ghosh and his Unnamed Subordinates were duly authorized actual and/or apparent agents and employees of Wexford, acting within the scope of his agency and employment.

61.　　Mr. Cathey was Ghosh's patient.

62.　　At all relevant times, it was the duty of Wexford, through its actual and/or apparent agents Ghosh and Unnamed Subordinates, to possess and apply knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified physician or medical professional in the same or similar circumstances and to exercise ordinary care and caution in the treatment of the Mr. Cathey.

63.　　Wexford through its actual and/or apparent agents, Ghosh and his Unnamed Subordinates, deviated from the standard of care and was negligent in the care and treatment of Mr. Cathey in one or more of the following respects:

    a. Negligently failing to comply with reasonable medical standards by failing to promptly reply to Mr. Cathey's requests for medical care and rehabilitation for

his serious injury;

b. Negligently failing to comply with reasonable medical standards by failing to promptly prescribe proper medication to treat Mr. Cathey's pain;

c. Negligently failing to comply with reasonable medical standards by failing to provide adequate care for Mr. Cathey and adequate testing to determine the extent of his injuries;

d. Otherwise negligently failing to comply with reasonable medical standards.

64. As a direct and proximate result of one or more of the foregoing acts by Wexford, Mr. Cathey suffered exacerbated pain and suffering with an increased risk of long term disability and a worsened prognosis.

65. As a direct and proximate result of one or more of the foregoing acts by Wexford, Mr. Cathey has suffered great physical pain, emotional distress, mental anguish, and loss of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

## COUNT V
## RESPONDEAT SUPERIOR
**(Defendant Wexford)**

66. Each of the preceding paragraphs is incorporated as if restated fully herein.

67. In committing the acts alleged in the preceding paragraphs, Defendant Ghosh and Unnamed Subordinate Defendants, are agents of Defendant Wexford, acting at all relevant times within the scope of their employment.

68. Defendant Wexford is a principal liable for the torts committed by its agents.

## COUNT VI
### NEGLIGENCE
**(Defendant Tanner)**

69. Each of the preceding paragraphs is incorporated as if restated fully herein.

70. Defendant Tanner has a duty of care to provide a safe working environment and adequate warnings to inmates about the dangers posed by kitchen duty.

71. Defendant Tanner breached that duty.

72. As a result of that breach, Mr. Cathey suffered a physical injury.

73. Defendant Tanner's negligence was a direct and proximate cause of Mr. Cathey's injury. As a result of Mr. Cathey's injury, Mr. Cathey has suffered damages, including but not limited to, great physical pain, emotional distress, mental anguish, loss of life's pleasures, and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

## COUNT VII
### PRODUCT LIABILITY
**(Defendant Manitowoc)**

74. Each of the preceding paragraphs is incorporated as if restated fully herein.

75. Defendant Manitowoc makes the Manitowoc ice machine referenced above.

76. The Manitowoc ice machine was unreasonably dangerous at the time it left Manitowoc's control.

77. The Manitowoc ice machine, when used as intended by the manufacturers, is defective and contains unreasonably dangerous internal metal edges.

78. As a result of the use of this unreasonably dangerous product as intended, and as placed in the stream of commerce by Manitowoc, Mr. Cathey has been injured.

79. Mr. Cathey is the foreseeable end user of the product, and Defendant Manitowoc

was aware that an end user would use the unaltered product.

## COUNT VIII
### NEGLIGENCE
### (Defendant Manitowoc)

80. Each of the preceding paragraphs is incorporated as if restated fully herein.

81. Defendant Manitowoc makes the Manitowoc ice machine referenced above.

82. The Manitowoc ice machine, when used as intended by the manufacturers is defective.

83. Mr. Cathey is the foreseeable end user of the product, and Defendant Manitowoc was aware that an end user would use the unaltered product.

84. Defendant Manitowoc has a duty to design, manufacture and sell reasonably safe equipment with adequate warnings and to not sell defective equipment.

85. Defendant Manitowoc breached its duty by supplying unreasonably dangerous internal metal edges.

86. Defendant Manitowoc could have provided an alternative design which is economical, practical, effective, and safe, but did not do so.

87. As a result of the use of this unreasonably dangerous product as intended, and as placed in the stream of commerce by defendants, Mr. Cathey has been injured.

88. Defendant Manitowoc knew or should have known, in the exercise of ordinary care, that the product was unreasonably dangerous and failed to warn of its dangerous propensity.

89. Defendant Manitowoc's negligence was a direct and proximate cause of Mr. Cathey's injury. As a result of Mr. Cathey's injury, Mr. Cathey has suffered damages, including but not limited to, great physical pain, emotional distress, mental anguish, loss of life's pleasures,

and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**WHEREFORE**, Mr. Cathey respectfully requests that this Court enter judgment against each Defendant and in favor of Plaintiff for:

a. Compensatory damages in an amount to be determined at trial, but in excess of $75,000;

b. Punitive damages in an amount to be determined at trial;

c. Injunctive relief providing Mr. Cathey with proper healthcare;

d. Attorneys fees and costs to the extent allowable by law;

e. Pre-judgment interest to the extent allowable by law;

f. All such other and further relief that the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY FOR ALL COUNTS SO TRIABLE.**

May 30, 2008                                    Respectfully submitted,

                                                                            K.C. Cathey

                                                                            <u>/s/Chris Lind</u>

                                                                            Chris Lind
                                                                            Brian O'Donoghue
                                                                            BARTLIT BECK HERMAN
                                                                                PALENCHAR & SCOTT LLP
                                                                            54 West Hubbard Street, Suite 300
                                                                            Chicago, Illinois 60610
                                                                            Telephone:  (312) 494-4400
                                                                            Facsimile:  (312) 494-4440

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing is being served this 30th day of May, 2008 upon counsel for via the Case Management/Electronic Case Filing (CM/ECF) System of the U.S. District Court for the Northern District of Illinois pursuant to L.R. 5.9 and via first class mail:

> Illinois Dept. of Corrections
> 100 West Randolph, Suite 4-200
> Chicago, IL 60601

/s/ Brian O'Donoghue