**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| K.C. CATHEY, | ) | |
| | ) | |
| Plaintiff, | ) | No.08-C-572 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | Magistrate Judge Denlow |
| PARTHASARATHI GHOSH, M.D. et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, WEXFORD HEALTH SOURCES, INC., by its attorneys, CHARYSH & SCHROEDER, LTD., for its motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, states as follows:

1. In plaintiff's Amended Complaint he claims he was somehow injured by this defendant or this defendant's employees.

2. Plaintiff's complaint fails to provide this defendant the required notice of the claims plaintiff is making against it.

3. Under Rule 8(a) of the Federal Rules of Civil Procedure all that is required of a complaint is that it contain a short and plain statement showing that the pleader is entitled to relief. This short statement of the claim must contain enough information to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614 (7th Cir. 2007).

4. The plaintiff's obligation to provide the 'grounds' of his claim requires more that labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do. ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

5. The factual allegations in a complaint must be enough to raise a right to relief above the level of speculation. ***Killingsworth v. HSBC Bank Nevada, N.A.***, 507 F.3d 614 (7th Cir. 2007).

6. Plaintiff's complaint simply does not contain the factual basis required.

7. Plaintiff does not allege what kind of medical care he was denied, what was provided, what plaintiff's "repeated requests for appropriate medical care" were concerning.

8. Further, to the extent plaintiff is attempting to recover from this defendant for the actions of its employees, it is impossible to determine who these individuals are (other than Dr. Ghosh, who is also a named defendant) or even what their positions are, i.e. doctor, nurse or some other position. This defendant can not tell from plaintiff's complaint what actions were taken or not taken, by unknown or unnamed individual(s), which plaintiff is seeking to hold this defendant responsible for.

9. As such plaintiff's complaint should be dismissed for failure to state a cause of action.

The following are additional grounds for dismissal of certain counts filed against this defendant:

## **Count I**

10. Count I of plaintiff's Amended Complaint seeks recovery for alleged constitutional violations from "Medical Defendants" and Defendant McCann.

11. The claims brought in Count I are based on plaintiff's allegations that he was not provided proper medical care. Plaintiff makes no claims that any policy or practice of this defendant led to or was related to any of his alleged constitutional violations.

12. A corporate entity acting under color of law violates an inmate's constitutional rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir.2000) "This liability is not founded on a theory of vicarious liability or respondeat superior that holds a municipality responsible for the misdeeds of its employees. Rather, a municipal policy or practice must be the 'direct cause' or 'moving force' behind the constitutional violation." *Id.* In other words, it is when the execution of a corporate policy or custom inflicts the injury that the corporation acting under color of law, as an entity, is responsible under § 1983.

13. Plaintiff makes no allegations concerning any policies or practices of this defendant or how they may lead to a constitutional violation. As such, to the extent plaintiff is seeking to recover from this defendant in Count I of his amended complaint, it must be dismissed.

## COUNT II

14. In Count II of plaintiff's amended complaint he seeks to recover for Intentional Infliction of Emotional Distress from "medical defendants."

15. All of the alleged misconduct on the part of the "medical defendants" is related to the plaintiff's claim that they refused to provide him with proper medical attention.

16. Pursuant to 735 ILCS 5/2-622 any plaintiff seeking to recover, whether in tort, contract or otherwise for alleged medical malpractice must file a report and affidavit of merit.

17. Plaintiff's counsel has filed an affidavit pursuant to 735 ILCS 5/2-622(a)(2) temporarily excusing the filing of the report and affidavit.

18. Pursuant to 735 ILCS 5/2-622(a)(2) defendant is also excused from answering or otherwise pleading until 30 days after being served with such report and affidavit.

19. As such, no answer or response is made at this time.

## COUNT III

20. The claims in Count III of plaintiff's Amended Complaint are not directed to this defendant and as such no response is made to Count III.

## COUNT IV

21. Count IV of plaintiff's Amended Complaint alleges medical negligence against this defendant.

22. Pursuant to 735 ILCS 5/2-622 any plaintiff seeking to recover, whether in tort, contract or otherwise for alleged medical malpractice must file a report and affidavit of merit.

23. Plaintiff's counsel has filed an affidavit pursuant to 735 ILCS 5/2-622(a)(2) temporarily excusing the filing of the report and affidavit.

24. Pursuant to 735 ILCS 5/2-622(a)(2) defendant is also excused from answering or otherwise pleading until 30 days after being served with such report and affidavit.

25.     As such, no answer or response is made at this time.

## COUNT V

26.     In Count V plaintiff seeks recover against this defendant for "respondeat superior" alleging it is liable for the actions of Dr. Ghosh and unnamed subordinate defendants.

27.     Count V is duplicative of Count IV.  Count V seeks to hold this defendant responsible for the torts committed by its agents, and specifically names them as Defendant Ghosh and some Unnamed Subordinate Defendants.  Count IV seeks to hold Wexford liable for the actions of Dr. Ghosh and his Unnamed Subordinates.  As Count V is simply duplicative of Count IV it should be dismissed.

28.     To the extent the Court does not dismiss Count V as duplicative of Count IV, it should be dismissed for failure to state a cause of action.  Count V simply states that Wexford is liable for the torts committed by its agents.

29.     Count V does not set forth any alleged wrongdoing on the part of any agents of Wexford (presumably they are the same as alleged in Count IV).

30.     To the extent the Court does not dismiss this Count V, it appears plaintiff is once again seeking to recover from this defendant for the alleged medical negligence of its employees.

31.     Count IV of plaintiff's Amended Complaint alleges medical negligence against this defendant.

32.     Pursuant to 735 ILCS 5/2-622 any plaintiff seeking to recover, whether in tort, contract or otherwise for alleged medical malpractice must file a report and affidavit of merit.

33. Plaintiff's counsel has filed an affidavit pursuant to 735 ILCS 5/2-622(a)(2) temporarily excusing the filing of the report and affidavit.

34. Pursuant to 735 ILCS 5/2-622(a)(2) defendant is also excused from answering or otherwise pleading until 30 days after being served with such report and affidavit.

35. As such, no answer or response is made at this time.

## COUNT VI

36. Count VI of plaintiff's Amended Complaint is not directed to this defendant, as such no response is made.

## COUNT VII

37. Count VII of plaintiff's Amended Complaint is not directed to this defendant, as such no response is made.

## COUNT VIII

38. Count VIII of plaintiff's Amended Complaint is not directed to this defendant, as such no response is made.

WHEREFORE, defendant, WEXFORD HEALTH SOURCES INC., respectfully requests this Honorable Court enter an order granting this motion and dismissing the plaintiff's claims against it and granting such other further relief as the Court deems just and proper.

               CHARYSH & SCHROEDER, LTD.


               /s/Richard A. Tjepkema

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois  60602
(312) 372-8338
Michael J. Charysh, ARDC #6187455
Richard A. Tjepkema, ARDC ## 6217445

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

       The undersigned attorney certifies that on July 24, 2008, this notice was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on July 24, 2008, with proper postage prepaid.

                                                        s/ Richard A. Tjepkema