**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

K.C. CATHEY, N-53079,                    )
                                         )
          Plaintiff,                     )          No. 08 C 0572
                                         )
          v.                             )          Honorable Matthew F. Kennelly
                                         )          Judge Presiding
PARTHASARATHI GHOSH, M.D., et al.        )
                                         )
          Defendants.                    )

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

          NOW COMES the Defendant, QUENTIN TANNER, by and through his attorney, LISA

MADIGAN, Attorney General of Illinois, and submits his Motion to Dismiss pursuant to Federal

Rule of Civil Procedure Rule 12(b)(6) as follows:

**INTRODUCTION**

          This action is brought by K.C. Cathey (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983.

Plaintiff was imprisoned at the Stateville Correctional Center from October 1, 2007 until June 6,

2008 when he was released onto parole. The allegations contained in Plaintiff's Complaint stem from

the medical treatment that he received at the Stateville Correctional Center after injuring his right

ring finger in the Stateville Kitchen. Plaintiff is seeking both punitive and compensatory damages

in excess of $75,000.00. (Cmpl., ¶ 14). Plaintiff is also seeking injunctive relief requiring the

Defendants to provide him with proper medical care. (Cmpl., ¶ 14).

          Plaintiff alleges in his complaint that the doctors at the Stateville Correctional Center along

with Wexford Health Sources, Inc., the health care provider for the Illinois Department of

Corrections, were deliberately indifferent to his medical needs and that their actions constituted

medical negligence. (Cmpl., ¶¶ 6,7). Plaintiff's Complaint further alleges that the Warden of

Stateville, Terry McCann, also acted with deliberate indifference to Plaintiff's medical needs when he failed to ensure that the Stateville medical staff gave Plaintiff appropriate medical care. (<u>Cmpl.</u>, ¶¶ 6,7).

Further, Plaintiff's Complaint includes one state-law claim for negligence against Defendant Quentin Tanner, the Supervisor of the Stateville Kitchen and state-law claims of negligence and products liability against the manufacturer of the ice machine. (<u>Cmpl.</u>, ¶¶ 12,13). The Plaintiff is seeking to have this Court grant supplemental jurisdiction over this Defendant and this state law claim. (<u>Cmpl.</u>, ¶¶ 3,4). However, this honorable court should decline exercising supplemental jurisdiction over Plaintiff's state-law negligence claim because the negligence claim against Defendant Tanner is not part of the same case or controversy as the rest of the case.(<u>Cmpl.</u>, ¶ 3).

## <u>STANDARD</u>

United States Federal Courts require notice pleading. In the case at bar, Plaintiff does not adequately state a claim for relief therefore his complaint must be dismissed. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See* <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). The Court may dismiss a complaint for failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." <u>Hishon v. King and Spaulding</u>, 467 U.S. 69, 73 (1984); *See also* <u>Conley v, Gibson</u>, 355 U.S. 41, 45-6 (1957).

The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. <u>Chancey v. Suburban Bus Div. of Regional Transp. Authority</u>,

52 F. 3d 623, 626-7 (7th Cir. 1995)(citations omitted).  However, the Court need not strain to find favorable inferences which are not apparent on the face of the complaint.  Coates v. Illinois State Board of Ed., 559 F.2d 445, 447 (7th Cir. 1977).  Similarly, this Court is not required to accept legal conclusions either alleged or inferred from pleaded facts.  Nelson v. Monroe Regional Medical Center, 925 F.2d 1555, 1559 (7th Cir. 1991), cert. den. 502 U.S. 903(1991).  The complaint must however, state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory.  Glatt v. City of Chicago Park District, 847 F. Supp. 101, 103 (N.D. Ill. 1994).  Furthermore, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1958 (2007).  In the present case, Plaintiff's negligence claim against Defendant Quentin Tanner fails to state a claim under 42 U.S.C. § 1983. It is with these standards in mind that this motion must be decided.

### ANALYSIS

I.  **This Court Should Decline Exercising Supplemental Jurisdiction Over Plaintiff's State-Law Negligence Claim Against Defendant Quentin Tanner Because The State-Law Negligence Claim Does Not Arise Out Of The Same Case Or Controversy As The Rest Of The Case.**

28 U.S.C.A. § 1367(a) states in pertinent part that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they *form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

3

In <u>Sanchez & Daniels v. Koresko</u>, 503 F.3d 610, 614 (7th Cir. 2007), the Seventh Circuit held that two claims are part of the same case or controversy if they "derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." <u>Sanchez & Daniels v. Koresko</u>, 503 F.3d 610, 614 (7th Cir. 2007).

Moreover, 28 U.S.C.A. § 1367(c)(4) states that the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) in exceptional circumstances where there are other compelling reasons for declining jurisdiction. In this case, there are several compelling reasons for declining supplemental jurisdiction.

In the present case, this honorable court should decline exercising supplemental jurisdiction over Plaintiff's state-law negligence claim because the negligence claim against Defendant Tanner is not part of the same case or controversy as the rest of the case. Specifically, the negligence claim against Defendant Tanner does not share a common nucleus of operative facts with the deliberate indifference claims brought against the medical defendants.

Plaintiff's Complaint includes eight counts, the overwhelming majority of which deal solely with the issue of the medical treatment that Plaintiff received from doctors while housed in the Stateville Correctional center. The crux of Plaintiff's Complaint is that he alleges that both the Warden of Stateville Correctional Center along with the treating physicians at Stateville were deliberately indifferent to his serious medical needs and that their actions were in violation of Plaintiff's Eighth Amendment right to be free of Cruel and Unusual Punishment. (<u>Cmpl.</u>, ¶¶ 6,7).

The Plaintiff is seeking to have this court grant jurisdiction over Plaintiff's state-law claim of negligence against Defendant Quentin Tanner, a non-medical official who had nothing to do with

the treatment or care of Plaintiff's injured finger. As pled by Plaintiff, Defendant Tanner is not a doctor nor is he the Warden of the Stateville Correctional Center who would have had the authority and duty to direct Stateville Medical Personnel to give the Plaintiff the appropriate treatment. (Cmpl., ¶ 3, par. 7), (Cmpl.¶ 12, par. 70). The Plaintiff concedes in his Complaint that Defendant Quentin Tanner is the Stateville Kitchen Supervisor and no where in his Complaint does he allege that Tanner denied Plaintiff the opportunity to receive  appropriate medical treatment. In fact, Plaintiff's Complaint only alleges a state-law claim of negligence against Defendant Tanner and there is no independent federal jurisdictional basis over Plaintiff's claim against Defendant Tanner. Furthermore, the deliberate indifference claim against the Medical Staff and the Warden; the products liability claim and negligence claims against the ice machine manufacturer; and the negligence claim against Tanner fail to create even a  loose factual connection.

Granting supplemental jurisdiction on the state-law negligence claim will lead to the production of three distinct sets of discovery documents.  Discovery would include documents relevant to treating physicians and the care that Plaintiff received at Stateville; the engineering design of the ice machine and whether it is defective; and evidence pertaining to the negligence claim against Defendant Tanner. Further, if this matter were to proceed to trial it would only create jury confusion.  The jury would be required to decide a products liability claim, a civil rights claim and a negligence claim in one case. These claims each present different issues of law and fact that do not arise out of a common nucleus of operative facts.

**II.    Negligence Or Even Gross Negligence Does Not Give Rise To An Eighth Amendment Claim.**

Negligence or even gross negligence does not give rise to an Eighth Amendment claim. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). A mere isolated incident of negligence... does not rise to the level of a constitutional violation actionable under section 1983. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992). The Supreme Court has warned that in any given §1983 suit, the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim. Daniels v. Williams, 474 U.S. 327, 330 (1986).

In the present case, Plaintiff's negligence claim against Defendant Quentin Tanner fails to state a claim under 42 U.S.C. § 1983. Plaintiff's Complaint alleges that Defendant Tanner was negligent in failing to post signs in the Stateville kitchen warning inmates about the dangers in removing ice cubes from the ice machines. These allegations do not rise to the level of a constitutional violation actionable under section 1983.

**III.    Plaintiff's Complaint Contains at Minimum Three Unrelated Claims Against Multiple Defendants. Therefore, Pursuant To *George v. Smith*, His Claim Against Defendant Tanner Should Be Dismissed.**

In George v. Smith, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit held that unrelated claims brought by an inmate against multiple different defendants should be brought as separate actions. George, 507 F.3d at 607. In so holding, the Seventh Circuit reasoned that unrelated claims against different defendants belong in different lawsuits to ensure the inmates pay the required filing fees and so that each claim is reviewed pursuant to 28 U.S.C. 1915(g). Id. George, decided

November 9, 2007, held that "[w]hen a prisoner does file a multi-claim, multi-defendant suit, the district court should evaluate each claim for the purpose of § 1915(g)" and that Plaintiff may incur strikes for *each* frivolous claim.  Id., at 607-08.  Pursuant to the Seventh Circuit's holding in George, each distinct claim must be evaluated separately under 1915(g).

Under Fed.R.Civ.P. 18(a) and 20(a) Plaintiff's negligence claim against Defendant Tanner should be brought as a separate action in state court. Specifically, Plaintiff's Complaint does not allege that Defendant Tanner participated in the same transaction or series of transactions with the Medical Defendants, Manitowoc Inc., or Defendant McCann. Moreover, the questions of fact that pertain to Defendant Tanner are not common to all of the other defendants in this case.  The Seventh Circuit Court held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), that under Fed.R.Civ.P 18(a) and 20(a), prisoners that bring suits alleging unrelated claims against different defendants must file separate lawsuits.  *See*,  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

WHEREFORE, for the foregoing reasons, Defendant Quentin Tanner requests that his motion to dismiss be granted and for such other relief as the Court deems just and proper.


LISA MADIGAN                                        Respectfully submitted,

Attorney General of Illinois            By:      s/Austin E. Franklin
                                                         AUSTIN E. FRANKLIN
                                                         Assistant Attorney General
                                                         General Law Bureau
                                                         100 West Randolph Street, 13th Fl.
                                                         Chicago, Illinois  60601
                                                         (312) 814-3700