**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| K.C. CATHEY, | ) | |
| | ) | |
| Plaintiff, | ) | No.08-C-572 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | Magistrate Judge Denlow |
| PARTHASARATHI GHOSH, M.D. et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WEXFORD HEALTH SOURCES, INC.'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, WEXFORD HEALTH SOURCES, INC., by its attorneys, CHARYSH
& SCHROEDER, LTD., for its answer to plaintiff's amended complaint, states as
follows:

**PARTIES**

1.     Plaintiff K.C. Cathey is an Illinois resident and has been an inmate in
Stateville Correctional Center ("Stateville") with prisoner number N53079 from at least
October 1, 2007 through the present.

**ANSWER: Deny**

2.     Defendant Dr. Parthasarathi Ghosh ("Ghosh") is the medical director at
Stateville. On information and belief, Ghosh is an employee of Wexford Health Sources,
Inc. Ghosh is sued here in his individual and official capacities. At all relevant times,
Ghosh was acting under color of state law and within the scope of his employment for
Wexford Health Sources, Inc.

**ANSWER: Admit**

3.     Defendant Unnamed Subordinates of Ghosh work under the supervision of
Ghosh at Stateville. The Unnamed Subordinates of Ghosh may have been assigned tasks
by Ghosh to review requests for and provide medical care for Mr. Cathey. All allegations
against Ghosh should also be considered as made against his subordinates. At all relevant

times, subordinates of Ghosh were acting under color of state law and within the scope of their employment for Ghosh.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

4.      Defendant Wexford Health Sources, Inc. ("Wexford") on information and belief is a Florida corporation transacting business in Illinois. Wexford is a healthcare provider for the Illinois Department of Correction facilities, including Stateville. Wexford has continuous and systematic contacts with Illinois as it transacts business in the state of Illinois thereby purposefully availing itself of the privilege of conducting activities within Illinois. At all relevant times, Wexford was acting under color of state law by and through its lawful agents, including Ghosh.

**ANSWER: Admit**

5.      Ghosh, Unnamed Subordinates of Ghosh, and Wexford (the "Medical Defendants") pursuant to authority vested in them by the state of Illinois, are the individuals and entity primarily responsible for Mr. Cathey's medical care.

**ANSWER: Deny**

6.      Defendant Terry L. McCann ("McCann") is the warden of Stateville where Mr. Cathey is incarcerated. McCann is sued here in his individual and official capacities. At all relevant times, McCann was acting under color of state law and within the scope of his employment.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

7.      Defendant Food Supervisor Tanner ("Tanner"), on information and belief, was charged with supervision of the kitchen at Stateville where Mr. Cathey's injury occurred. Tanner is sued here in his individual and official capacities. At all relevant times, Tanner was acting under color of state law and within the scope of his employment.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

8.      Defendant The Manitowoc Company, Inc., is a Wisconsin Corporation, that via business segment Manitowoc Foodservice Group is the parent corporation of Defendant Manitowoc Ice, Inc. (collectively "Manitowoc"). On information and belief, Defendant Manitowoc Ice, Inc., manufactured the ice machine located in the Stateville kitchen on which Mr. Cathey cut his finger. On information and belief, Manitowoc has continuous and systematic contacts with Illinois as it transacts business in the state of

Illinois thereby purposefully availing itself of the privilege of conducting activities within Illinois.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

### JURISDICTION AND VENUE

9.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, the Eighth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983.

**ANSWER: Admit**

10.     Venue is proper under 28 U.S.C. § 1391 because all of the events set forth in this Complaint occurred during Mr. Cathey's incarceration in the state of Illinois and at hospitals located in the state of Illinois. Venue therefore properly lies in the Northern District of Illinois.

**ANSWER: Admit**

11.     This Court has jurisdiction over Mr. Cathey's state claims under 28 U.S.C. §§ 1367 and 1332.

**ANSWER: Admit this court has supplemental jurisdiction of plaintiff's state law claims under 28 U.S.C. §1367 as long as plaintiff's constitutional claims exist, defendant denies the remaining allegations in this paragraph.**

### FACTUAL BACKGROUND COMMON TO ALL COUNTS

12.     Mr. Cathey is incarcerated in Stateville Correctional Center.

**ANSWER: Deny**

13.     On October 8, 2007, Mr. Cathey was assigned to work in the kitchen of "the Farm," a minimum security section of the prison. On information and belief, Defendant Tanner was charged with supervising this kitchen and the work conditions therein.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

14. As part of his duties in the kitchen, Mr. Cathey went to get ice to clean the grill, as he was previously instructed.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

15.    On information and belief, the ice machine in the kitchen was manufactured by Manitowoc Ice, Inc.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

16.    As Mr. Cathey scooped ice from the machine, his right ring finger was deeply cut by a metal plate edge inside the ice machine. The metal plate edge was not immediately visible because it was obscured by ice.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

17.    Mr. Cathey's use of the machine was in accordance with its intended purpose and use.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

18.    Mr. Cathey's cut was so severe that as he cleaned it, he could see his bone.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

19.    Mr. Cathey was taken to Provena St. Joseph Medical Center in Joliet where he received stitches.

**ANSWER: Admit**

20.    Mr. Cathey was returned to Stateville where his medical care as supervised by the Medical Defendants was sufficiently inadequate to constitute deliberate indifference.  Specifically, Medical Defendants failed to:

a.    Respond to Mr. Cathey's repeated requests for appropriate medical attention and rehabilitation;

b.    Promptly provide Mr. Cathey with pain management medication, antibiotics, proper diagnostic tests, and other appropriate medication and testing;

c.    Provide Mr. Cathey appropriate medical care and attention for his serious injury.

**ANSWER: Deny**

21.    Despite Mr. Cathey's constant and severe pain, the Medical Defendants neglected to take the steps necessary to treat his serious health condition.

**ANSWER: Deny**

22.    Mr. Cathey has exhausted the administrative remedies available to him.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

23.    Despite an Illinois Department of Corrections' remand to Warden McCann to have Mr. Cathey's medical status assessed, on information and belief Warden McCann failed to ensure the Medical Defendants provided Mr. Cathey adequate medical care.

**ANSWER: Deny**

24.    Warden McCann's inaction constituted deliberate indifference to Mr. Cathey's serious medical injury. Specifically, Warden McCann failed to require the Medical Defendants to:

a.    Respond to Mr. Cathey's repeated requests for appropriate medical attention and rehabilitation;

b.    Promptly provide Mr. Cathey with pain management medication, antibiotics, proper diagnostic tests, and other appropriate medication and testing;

c.    Provide Mr. Cathey appropriate medical care and attention for his serious injury.

**ANSWER: Deny**

25.    Mr. Cathey was informed by his physical therapist that he has decreased mobility of the median nerve in his right hand.

**ANSWER: Deny**

26.    As a result of his injury Mr. Cathey has limited mobility and physical pain in his arm and hand.

**ANSWER: Deny**

27.    Mr. Cathey is presently in prison and is scheduled for release in June 2008.

**ANSWER:  Deny**

28.    Mr. Cathey's injuries will require care and rehabilitation into the future.

**ANSWER:  Deny**

29.    Mr. Cathey's income earning potential has been limited due to his injury, and he is reasonably certain to lose earning capacity in the future because of his injuries.

**ANSWER:  Deny**

30.    Mr. Cathey has suffered damages, including but not limited to, injury, great physical pain, emotional distress, mental anguish, and loss of life's pleasures. Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**ANSWER:  Deny**

## <u>COUNT I</u>
### VIOLATIONS OF 42 U.S.C. § 1983 (Cruel and Unusual Punishment)
### (Medical Defendants & Defendant McCann)

31.    Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:  Defendant restates its responses to the previous paragraphs as if fully set forth herein.**

32.    The Eight Amendment of the United States Constitution prohibits Cruel and Unusual Punishment.

**ANSWER:  Admit**

33.    As described more fully above, while Mr. Cathey was incarcerated at Stateville, the Medical Defendants & McCann, while acting under color of law and within the scope of employment, failed to provide him with adequate medical care as was their Constitutional duty and in violation of his rights.

**ANSWER:  Deny**

34.    As a result of the unjustified and unconstitutional conduct of the Medical Defendants & McCann, Mr. Cathey has suffered pain and injury, as well as emotional distress.

**ANSWER: Deny**

35.     In this manner, the conduct of the Medical Defendants & McCann was objectively unreasonable and deliberately indifferent to Mr. Cathey's objectively serious medical needs. Medical Defendants & McCann willfully and wantonly deprived Mr. Cathey of adequate medical care.

**ANSWER: Deny**

36.     While in custody of the state of Illinois, Mr. Cathey suffered a serious injury. That injury and the subsequent care and rehabilitation the injury required constituted a serious medical need.

**ANSWER: Deny**

37.     Mr. Cathey's injury and need for subsequent care and rehabilitation was so obvious that even someone who is not a doctor would recognize it as requiring treatment.

**ANSWER: Deny**

38.     The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

**ANSWER: Deny**

39.     At all times relevant herein, Mr. Cathey had a clearly established constitutional right to not be subject to cruel and unusual punishment under the Eighth Amendment. Any reasonable person would have been aware of Mr. Cathey's Constitutional rights.

**ANSWER: Defendant admits plaintiff had those rights provided by the Eighth Amendment to the United States Constitution and denies any remaining allegations contained in this paragraph.**

40.     Medical Defendants & McCann were deliberately indifferent to Mr. Cathey's serious medical need. Medical Defendants & McCann knew of a substantial risk of serious harm, knew of Mr. Cathey's need for medical care, knew that failure to timely provide such care would aggravate his medical conditions and injuries, and knew that failure to provide such care would exacerbate severe pain and suffering caused by those medical conditions and injury. Medical Defendants & McCann consciously disregarded this risk by failing to take reasonable measures to ensure Mr. Cathey received the care he needed. Further, Medical Defendants & McCann failed to take reasonable measures despite the fact that it was practical and feasible for them to take corrective action.

**ANSWER: Deny**

41.     Even if Medical Defendants & McCann did not have actual knowledge or the substantial risk of serious harm, Medical Defendants & McCann strongly suspected that that such injury was possible, yet shut their eyes for fear of what they would learn, and therefore were deliberately indifferent.

**ANSWER:  Deny**

42. As a direct and proximate result of the above-described wrongful infringement of Mr. Cathey's rights, Mr. Cathey has suffered damages, including but not limited to, injury, great physical pain, emotional distress, mental anguish, and loss of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**ANSWER:  Deny**

<u>**COUNT II**</u>
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Medical Defendants)**

43.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:  Defendant restates its responses to the previous paragraphs as if fully set forth herein.**

44.     As described more fully in the preceding paragraphs, Medical Defendants engaged in extreme and outrageous conduct.

**ANSWER:  Deny**

45.     Medical Defendants' have engaged in extreme and outrageous conduct with respect to Mr. Cathey by refusing to provide Mr. Cathey with adequate medical attention despite his serious medical condition.

**ANSWER:  Deny**

46.     Medical Defendants' conduct is rooted in an abuse of power and authority.

**ANSWER:  Deny**

47.     Medical Defendants' conduct was undertaken with intent or knowledge that there was a high probability that such conduct would inflict severe emotional distress, and a reckless disregard of that probability.

**ANSWER:  Deny**

48.     As a direct and proximate result of Medical Defendants' conduct, Mr. Cathey suffered severe physical pain, emotional distress, and anguish.

**ANSWER:  Deny**

## COUNT III
## MEDICAL NEGLIGENCE
### (Defendants Ghosh and Unnamed Subordinates)

**This defendant makes no response to this count as it is not directed to it, to the extent any claims are directed against it they are denied.**

## COUNT IV
## MEDICAL NEGLIGENCE
### (Defendant Wexford)

**This defendant makes no response to this paragraph at this time.  Pursuant to 735 ILCS 5/2-622, defendants are excused from answering or otherwise pleading to medical malpractice claims until 30 days after the plaintiff complies with the report and affidavit requirements of 735 ILCS 5/2-622.**

## COUNT V
## RESPONDEAT SUPERIOR
### (Defendant Wexford)

66.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:  Defendant restates its responses to the previous paragraphs as if fully set forth herein.**

67.     In committing the acts alleged in the preceding paragraphs, Defendant Ghosh and Unnamed Subordinate Defendants, are agents of Defendant Wexford, acting at all relevant times within the scope of their employment.

**ANSWER: This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

68.     Defendant Wexford is a principal liable for the torts committed by its agents.

**ANSWER:  This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

## COUNT VI
## NEGLIGENCE
**(Defendant Tanner)**

**This defendant makes no response to this count as it is not directed to it, to the extent any claims are directed against it they are denied.**

## COUNT VII
## PRODUCT LIABILITY
**(Defendant Manitowoc)**

**This defendant makes no response to this count as it is not directed to it, to the extent any claims are directed against it they are denied.**

## COUNT VIII
## NEGLIGENCE
**(Defendant Manitowoc)**

**This defendant makes no response to this count as it is not directed to it, to the extent any claims are directed against it they are denied.**

WHEREFORE, defendant, WEXFORD HEALTH SOURCES, INC., denies that the plaintiff, K.C. Cathey, is entitled to judgment against it in any amount whatsoever, or for any other relief requested in plaintiff's complaint, and asks that the plaintiff's complaint be dismissed and that judgment be entered in its favor on the remaining pleadings.

## DEFENDANT DEMANDS TRIAL BY JURY

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    This defendant affirmatively states that the plaintiff's complaint fails to state a claim upon which relief could be granted pursuant to 42 USC §1983 involving rights secured by the United States Constitution as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to that statute.

2.      To assert a claim for cruel and unusual punishment under the Eighth Amendment of the Constitution the plaintiff must show deliberate indifference to serious medical needs of a prisoner.  *Estelle v. Gamble* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 1976.

3.      In order to properly show a violation of the Eighth Amendment based upon alleged improper medical care it must be shown that the failure to provide proper medical care constituted an unnecessary and wanton infliction of pain and was "repugnant to the consciousness of mankind."

4.      To demonstrate a prison official is deliberately indifferent to an inmate's serious medical needs, the prisoner must show that "the official knew" of and "disregarded on excessive risk to inmate health." *Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004) quoting *Farmers v. Brennan* 511 U.S. 825, 838 (1994).   Plaintiff does not allege conduct which if proved would rise to the level of intent required under §1983.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies and therefore this court lacks jurisdiction.  42 U.S.C. §1997e(a)

## THIRD AFFIRMATIVE DEFENSE

At all times relevant herein, this defendant acted in good faith in the performance of its official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendant is therefore protected from suit by the doctrine of qualified immunity.

_s/Richard A. Tjepkema_____
CHARYSH & SCHROEDER, LTD.

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC# 6217445)

## **PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

The undersigned attorney certifies that on August 11, 2008, this notice was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on August 11, 2008, with proper postage prepaid.

    s/  Richard A. Tjepkema