# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 572 | **DATE** | 8/12/2008 |
| **CASE TITLE** | Cathey vs. Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Tanner's motion to dismiss is denied for the reasons stated below [docket no. 42]. Tanner is directed to answer the complaint by 8/22/08.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The Court rejects defendant Tanner's argument that the Court lacks or should decline supplemental jurisdiction over the negligence claim against him. First, there is significant overlap between the plaintiffs' product liability and claims against defendant Manitowoc Ice, Inc. and Manitowoc Co., which concern alleged defects in an ice machine used in a Stateville kitchen, and his negligence claim against defendant Tanner, the kitchen supervisor, for negligently failing to provide a safe work environment in the kitchen. As a result, the claim against Tanner is part of the same case or controversy as the claims against the Manitowoc defendants. *See* 28 U.S.C. § 1367(a). Second, there is no reason to decline to exercise supplemental jurisdiction under § 1367(c). The Court is unpersuaded that trying this claim together with the others will lead to confusion, unfair prejudice, or undue delay.

Tanner also argues that plaintiff has not alleged an Eighth Amendment violation against him. Plaintiff does not purport to do so. The claim is a negligence claim, not a claim for violation of constitutional rights.

Finally, the Court rejects Tanner's argument that under *George v. Smith,* 507 F.3d 605 (7th Cir. 2007), plaintiff should be required to file a separate suit against Tanner. As stated earlier, the claims against Tanner are not unrelated to those against the other defendants, as was the case in *George*.

| | Courtroom Deputy Initials: | mk |
|---|---|---|