**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| K.C. CATHEY, N-53079, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 0572 |
| | ) | |
| v. | ) | Honorable Matthew F. Kennelly |
| | ) | Judge Presiding |
| PARTHASARATHI GHOSH, M.D., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT QUENTIN TANNER'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant, QUENTIN TANNER  by and through his attorney LISA

MADIGAN, Attorney General of the State of Illinois, and for his Answer to Plaintiff's First

Amended Complaint state the following:

Plaintiff, K.C. Cathey, by and through his attorneys and pursuant to the Court's March 27, 2008 Order, brings this First Amended Complaint against the following defendants: Dr. Parthasarathi Ghosh and his subordinates; Wexford Health Sources, Inc.; Warden Terry L. McCann; Food Service Supervisor Tanner; The Manitowoc Company, Inc. and Manitowoc Ice, Inc.  This action arises out of the serious medical injury Mr. Cathey suffered while in the custody of the State of Illinois.  That injury, as well as the subsequent care and rehabilitation of the injury created a serious need for appropriate medical care.  Mr. Cathey brings this claim against prison officials and individuals who acted under color of law in denying Mr. Cathey the appropriate medical care he required.  Mr. Cathey further brings claims against The Manitowoc Company, Inc. and Manitowoc Ice, Inc. for product liability.

**ANSWER:    Defendant Quentin Tanner  is without knowledge or information sufficient to**

**form a belief as to the truth of the averments contained in the above paragraph.**

## PARTIES

1.      Plaintiff K.C. Cathey is an Illinois resident and has been an inmate in Stateville Correctional Center ("Stateville") with prisoner number N-53079 from at least October 1, 2007 through the present.

**ANSWER:      Defendant Quentin Tanner admits the allegations contained in paragraph 1.**

2.      Defendant Dr. Parthasarathi Ghosh ("Ghosh") is the medical director at Stateville. On information and belief, Ghosh is an employee of Wexford Health Sources, Inc.  Ghosh is sued here in his individual and official capacities.  At all relevant times, Ghosh was acting under color of state law and within the scope of his employment for Wexford Health Sources, Inc.

**ANSWER:      Defendant Quentin Tanner admits that Dr. Parthasarathi Ghosh is the medical director at Stateville. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 2.**

3.      Defendant Unnamed Subordinates of Ghosh work under the supervision of Ghosh at Stateville.  The Unnamed Subordinates of Ghosh may have been assigned tasks by Ghosh to review requests for and provide medical care for Mr. Cathey.  All allegations against Ghosh should also be considered as made against his subordinates.  At all relevant times, subordinates of Ghosh were acting under color of state law and within the scope of their employment for Ghosh.

**ANSWER:      Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3.**

4.      Defendant Wexford Health Sources, Inc. ("Wexford") on information and belief is a Florida corporation transacting business in Illinois. Wexford is a healthcare provider for the Illinois Department of Correction facilities, including Stateville.  Wexford has continuous and systematic contacts with Illinois as it transacts business in the state of Illinois thereby purposefully availing itself of the privilege of conducting activities within Illinois.  At all relevant times, Wexford was acting under color of state law by and through its lawful agents, including Ghosh.

**ANSWER:      Defendant Quentin Tanner admits that Wexford Health Sources is the**

**healthcare provider for the Illinois Department of Correction facilities, which includes Stateville. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 4.**

5.      Ghosh, Unnamed Subordinates of Ghosh, and Wexford (the "Medical Defendants") pursuant to authority vested in them by the state of Illinois, are the individuals and entity primarily responsible for Mr. Cathey's medical care.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5.**

6.      Defendant Terry L. McCann ("McCann") is the warden of Stateville where Mr. Cathey is incarcerated.  McCann is sued herein his individual and official capacities.  At all relevant times, McCann was acting under color of state law and within the scope of his employment.

**ANSWER:    Defendant Quentin Tanner admits that Terry L. McCann is the Warden of the Stateville Correctional center. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 6.**

7.      Defendant Food Supervisor Tanner ("Tanner"), on information and belief, was charged with supervision of the kitchen at Stateville where Mr. Cathey's injury occurred.  Tanner is sued here in his individual and official capacities.  At all relevant times, Tanner was acting under color of state law and within the scope of his employment.

**ANSWER:    Defendant Quentin Tanner admits the allegation that he is the Supervisor of the Stateville kitchen. Defendant Quentin Tanner admits that at all relevant times he was acting under color of state law and within the scope of his employment.**

8.      Defendant The Manitowoc Company, Inc., is a Wisconsin Corporation, that via business segment Manitowoc Food Service Group is the parent cooperation of Defendant Manitowoc Ice, Inc. (collectively "Manitowoc").  On information and belief, Defendant Manitowoc Ice, Inc., manufactured the ice machine located in the Stateville kitchen on which Mr. Cathey cut his finger. On information and belief, Manitowoc has continuous and systematic contacts with Illinois as it transacts business in the state of Illinois thereby purposefully availing itself of the privilege of conducting activities within Illinois.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in  paragraph 8.**

## JURISDICTION AND VENUE

9.      This court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343, the Eighth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

**ANSWER:    Defendant Quentin Tanner admits that this Court has jurisdiction for cases brought pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1331, 28 U.S.C. Section 1343, and the Eighth Amendment to the Constitution of the United States.**

10.     Venue is proper under 28 U.S.C. §1391 because all of the events set forth in this Complaint occurred during Mr. Cathey's incarceration in the state of Illinois and at hospitals located in the state of Illinois.  Venue therefore properly lies in the Northern District of Illinois.

**ANSWER:    Defendant Quentin Tanner admits that venue properly lies in the Northern District of Illinois.**

11.     This Court has jurisdiction over Mr. Cathey's state claims under 28 U.S.C. §§1367 and 1332.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to**

4

form a belief as to the truth of the averments contained in paragraph 11.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

12.    Mr. Cathey is incarcerated in Stateville Correctional Center.

**ANSWER:    Defendant Quentin Tanner admits that Mr. Cathey was at one time incarcerated at the Stateville Correctional Center but was subsequently released onto parole.**

13.    On October 8, 2007, Mr. Cathey was assigned to work in the kitchen of "the Farm," a minimum security section of the prison. On information and belief, Defendant Tanner was charged with supervising this kitchen and the work conditions therein.

**ANSWER:    Defendant Quentin Tanner admits that he is charged with the duty of supervising the kitchens located at Stateville and the work conditions therein. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of whether Mr. Cathey worked in the kitchen on October 8, 2007.**

14.    As part of his duties in the kitchen, Mr. Cathey went to get ice to clean the grill, as he was previously instructed.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14.**

15.    On information and belief, the ice machine in the kitchen was manufactured by Manitowoc Ice, Inc.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15.**

16.    As Mr. Cathey scooped ice from the machine, his right ring finger was deeply cut by a metal plate edge inside the ice machine.  The metal plate edge was not immediately visible because it was obscured by ice.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16.**

17.    Mr. Cathey's use of the machine was in accordance with its intended purpose and use.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17.**

18.    Mr. Cathey's cut was so severe that as he cleaned it, he could see his bone.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18.**

19.    Mr. Cathey was taken to Provena St. Joseph Medical Center in Joliet where he received stitches.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19.**

20.    Mr. Cathey was returned to Stateville where his medical care as supervised by the Medical Defendants was sufficiently inadequate to constitute deliberate indifference.  Specifically, Medical Defendants failed to:

    a.    Respond to Mr. Cathey's repeated requests for appropriate medical attention and rehabilitation;

    b.    Promptly provide Mr. Cathey with pain management medication, antibiotics, proper

diagnostic tests, and other appropriate medication and testing.

c.    Provide Mr. Cathey appropriate medical care and attention for his serious injury.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the above paragraph.**

21.    Despite Mr. Cathey's constant and severe pain, the Medical Defendants neglected to take the steps necessary to treat his serious health condition.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21.**

22.    Mr. Cathey has exhausted the administrative remedies available to him.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22.**

23.    Despite an Illinois Department of Corrections' remand to Warden McCann to have Mr. Cathey's medical status assessed, on information and belief Warden McCann failed to ensure the Medical Defendants provided Mr. Cathey adequate medical care.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23.**

24.    Warden McCann's inaction constituted deliberate indifference to Mr. Cathey's serious medical injury. Specifically, Warden McCann failed to require the Medical Defendants to:

a.    Respond to Mr. Cathey's repeated requests for appropriate medical attention and rehabilitation;

      b.      Promptly provide Mr. Cathey with pain management medication, antibiotics, proper diagnostic tests, and other appropriate medication and testing;

      c.      Provide Mr. Cathey appropriate medical care and attention for his serious injury.

**ANSWER:**    **Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24.**

25.     Mr. Cathey was informed by his physical therapist that he has decreased mobility of the median nerve in his right hand.

**ANSWER:**    **Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25.**

26.     As a result of his injury Mr. Cathey has limited mobility and physical pain in his arm and hand.

**ANSWER:**    **Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26.**

27.     Mr. Cathey is presently in prison and is scheduled for release in June 2008.

**ANSWER:**    **Defendant Quentin Tanner admits that Mr. Cathey was released from the Stateville Correctional center on June 6, 2008.**

28.     Mr. Cathey's injuries will require care and rehabilitation into the future.

**ANSWER:**    **Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28.**

29.     Mr. Cathey's income earning potential has been limited dud to his injury, and he is reasonably certain to lose earning capacity in the future because of his injuries.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to**

**form a belief as to the truth of the averments contained in paragraph 29.**

30.     Mr. Cathey has suffered damages, including but not limited to, injury, great physical pain, emotional distress, mental anguish, and loss of life's pleasures.  Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expenses in the future.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to**

**form a belief as to the truth of the averments contained in paragraph 30.**

## COUNT I

### VIOLATIONS OF 42 U.S.C. §1983 (Cruel and Unusual Punishment)
### (Medical Defendants & Defendant McCann)

31.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:     Defendant Quentin Tanner restates his answers to the proceeding**

**paragraphs as if restated fully herein.**

32.     The Eight Amendment of the United States Constitution prohibits Cruel and Unusual Punishment.

**ANSWER:     Defendant Quentin Tanner admits that the Eighth Amendment of the United**

**States Constitution prohibits Cruel and Unusual Punishment.**

33.     As described more fully above, while Mr. Cathey was incarcerated at Stateville, the Medical Defendants & McCann, while acting under color of law and within the scope of employment, failed to provide him with adequate medical care as was their Constitutional duty and in violation of his rights.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to**

**form a belief as to the truth of the averments contained in paragraph 33.**

34.     As a result of the unjustified and unconstitutional conduct of the Medical Defendants & McCann, Mr. Cathey has suffered pain and injury, as well as emotional distress.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34.**

35.     In this manner, the conduct of the Medical Defendants & McCann was objectively unreasonable and deliberately indifferent to Mr. Cathey's objectively serious medical needs. Medical Defendants & McCann willfully and wantonly deprived Mr. Cathey of adequate medical care.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35.**

36.     While in custody of the state of Illinois, Mr. Cathey suffered a serious injury.  That injury and the subsequent care and rehabilitation the injury required constituted a serious medical need.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36.**

37.     Mr. Cathey's injury and need for subsequent care and rehabilitation was so obvious that even someone who is not a doctor would recognize it as requiring treatment.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37.**

38.     The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to**

10

**form a belief as to the truth of the averments contained in paragraph 38.**

     39.     At all times relevant herein, Mr. Cathey had a clearly established constitutional right to not be subject to cruel and unusual punishment under the Eighth Amendment.  Any reasonable person would have been aware of Mr Cathey's constitutional rights.

**ANSWER:**    **Defendant Quentin Tanner admits that Mr. Cathey had a clearly established constitutional right to not be subject to cruel and unusual punishment under the Eighth Amendment. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the above paragraph.**

     40.     Medical Defendants & McCann were deliberately indifferent to Mr. Cathey's serious medical need.  Medical Defendants & McCann knew of a substantial risk of serious harm, knew of Mr. Cathey's need for medical care, knew that failure to timely provide such care would aggravate his medical conditions and injuries, and knew that failure to provide such care would exacerbate severe pain and suffering caused by those medical conditions and injury.  Medical Defendants & McCann consciously disregarded this risk by failing to take reasonable measures to ensure Mr. Cathey received the care he needed.  Further, Medical Defendants & McCann failed to take reasonable measures despite the fact that it was practical and feasible for them to take corrective action.

**ANSWER:**    **Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40.**

     41.     Even if Medical Defendants & McCann did not have actual knowledge of the substantial risk of serious harm, Medical Defendants & McCann strongly suspected that such injury was possible, yet shut their eyes for fear of what they would learn, and therefore were deliberately indifferent.

**ANSWER:**    **Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41.**

42.     As a direct and proximate result of the above-described wrongful infringement of Mr. Cathey's rights, Mr. Cathey has suffered damages, including but not limited to, injury, great physical pain, emotional distress, mental anguish, and loss of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**ANSWER:     Defendant Quentin Tanner denies any wrongful infringement of Mr. Cathey's rights. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the above paragraph.**

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Medical Defendants)

43.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:     Defendant Quentin Tanner restates his answers to the proceeding paragraphs as if restated fully herein.**

44.     As described more fully in the preceding paragraphs, Medical Defendants engaged in extreme and outrageous conduct.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44.**

45.     Medical Defendants' have engaged in extreme and outrageous conduct with respect to Mr. Cathey by refusing to provide Mr. Cathey with adequate medical attention despite his serious medical condition.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in  paragraph 45.**

46.     Medical Defendants' conduct is rooted in an abuse of power and authority.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 46.**

47.     Medical Defendants' conduct was undertaken with intent or knowledge that there was a high probability that such conduct would inflict severe emotional distress, and a reckless disregard of that probability.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in  paragraph 47.**

48.     As a direct and proximate result of Medical Defendants' conduct, Mr. Cathey suffered severe physical pain, emotional distress, and anguish.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in  paragraph 48.**

## COUNT III

### MEDICAL NEGLIGENCE
### (Defendants Ghosh and Unnamed Subordinates)

49.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:     Defendant Quentin Tanner restates his answers to the proceeding paragraphs as if restated fully herein.**

50.     On information and belief, at all relevant times, Ghosh was a physician duly licensed to practice medicine in the state of Illinois.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50.**

51.    Mr. Cathey was Ghosh's patient.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51.**

52.    At all relevant times, it was Ghosh and Unnamed Subordinate's duty to possess and apply knowledge, use, skill and care ordinarily possessed and applied by a reasonably well qualified physician or medical professional in the same or similar circumstances and to exercise ordinary care and caution in Mr. Cathey's treatment.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52.**

53.    Ghosh and Unnamed Subordinates deviated from the standard of care and were negligent in the care and treatment of Mr. Cathey in one or more of the following respects:

a.    Negligently failing to comply with reasonable medical standards by failing to promptly reply to Mr. Cathey's requests for medical care and rehabilitation for his serious injury;

b.    Negligently failing to comply with reasonable medical standards by failing to promptly prescribe proper medication to treat Mr. Cathey's pain;

c.    Negligently failing to comply with reasonable medical standards by failing to provide adequate care for Mr. Cathey and adequate testing to determine the extent of his injuries;

d.    Otherwise negligently failing to comply with reasonable medical standards.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the above paragraph.**

54.    As a direct and proximate result of one or more of the foregoing acts by Ghosh and Unnamed Subordinates, Mr. Cathey suffered exacerbated pain and suffering with an increased risk

of long term disability and a worsened prognosis.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 54.**

55.     As a direct and proximate result of one or more of thee foregoing acts by Ghosh and Unnamed Subordinates, Mr. Cathey has suffered great physical pain, emotional distress, mental anguish, and loss of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 55.**

**COUNT IV**

**MEDICAL NEGLIGENCE**
**(Defendant Wexford)**

56.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:     Defendant Quentin Tanner restates his answers to the proceeding paragraphs as if restated fully herein.**

57.     On information and belief, at all relevant times, Wexford was the healthcare provider for Stateville.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 57.**

58.     As the healthcare provider, Wexford is directly in charge of Mr. Cathey's healthcare and treatment.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 58.**

59.    On information and belief, at all relevant times, Ghosh was a physician duly licensed to practice medicine in the state of Illinois and employed by Wexford.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 59.**

60.    At all relevant times, Ghosh and his Unnammed Subordinates were duly authorized actual and/or apparent agents and employees of Wexford, acting within the scope of his agency and employment.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 60.**

61.    Mr. Cathey was Ghosh's patient.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 61.**

62.    At all relevant times, it was the duty of Wexford, through its actual and/or apparent agents Ghosh and Unnamed Subordinates, to possess and apply knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified physician or medical professional in the same or similar circumstances and to exercise ordinary care and caution in the treatment of the Mr. Cathey.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 62.**

63.    Wexford through its actual and/or apparent agents, Ghosh and his Unnamed Subordinates, deviated from the standard of care and was negligent in the care and treatment of Mr. Cathey in one or more of the following respects:

a.    Negligently failing to comply with reasonable medical standards by failing to promptly reply to Mr. Cathey's requests for medical care and rehabilitation for his serious injury;

b.    Negligently failing to comply with reasonable medical standards by failing to promptly prescribe proper medication to treat Mr. Cathey's pain;

c.    Negligently failing to comply with reasonable medical standards by failing to provide adequate care for Mr. Cathey and adequate testing to determine the extent of his injuries;

d.    Otherwise negligently failing to comply with reasonable medical standards.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the above paragraph.**

64.    As a direct and proximate result of one or more of the foregoing acts by Wexford, Mr. Cathey suffered exacerbated pain and suffering with an increased risk of long term disability and a worsened prognosis.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 64.**

65.    As a direct and proximate result of one or more of the foregoing acts by Wexford, Mr. Cathey has suffered great physical pain, emotional distress, mental anguish, and los of life's pleasures; and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expenses in the future.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 65.**

## COUNT V

### RESPONDEAT SUPERIOR
### (Defendant Wexford)

66.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:     Defendant Quentin Tanner restates his answers to the proceeding paragraphs**

**as if restated fully herein.**

67.     In committing the acts alleged in the preceding paragraphs, Defendant Ghosh and Unnamed Subordinate Defendants, are agents of Defendant Wexford, acting at all relevant times within the scope of their employment.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to**

**form a belief as to the truth of the averments contained in paragraph 67.**

68.     Defendant Wexford is a principal liable for the torts committed by its agents.

**ANSWER:     Defendant Quentin Tanner is without knowledge or information sufficient to**

**form a belief as to the truth of the averments contained in paragraph 68.**

### COUNT VI

### NEGLIGENCE
### (Defendant Tanner)

69.     Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:     Defendant Quentin Tanner restates his answers to the proceeding paragraphs**

**as if restated fully herein.**

70.     Defendant Tanner has a duty of care to provide a safe working environment and adequate warnings to inmates about the dangers posed by kitchen duty.

**ANSWER:     Defendant Quentin Tanner admits that he has a duty to provide a safe working**

**environment in the Stateville kitchen and warn inmates of certain dangers.**

71.    Defendant Tanner breached that duty.

**ANSWER:    Defendant Quentin Tanner denies the allegation that he breached a duty owed to Mr. Cathey.**

72.    As a result of that breach, Mr. Cathey suffered a physical injury.

**ANSWER:    Defendant Quentin Tanner denies the allegation that he breached a duty owed to Mr. Cathey. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 72.**

73.    Defendant Tanner's negligence was a direct and proximate cause of Mr. Cathey's injury.  As a result of Mr. Cathey's injury, Mr. Cathey has suffered damages, including but not limited to, great physical pain, emotional distress, mental anguish, loss of life's pleasures, and Mr. Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**ANSWER:    Defendant Quentin Tanner denies the allegation that he was negligent or that his actions were the proximate cause of Mr. Cathey's injury. Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 73.**

## COUNT VII

### PRODUCT LIABILITY
### (Defendant Manitowoc)

74.    Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:    Defendant Quentin Tanner restates his answers to the proceeding paragraphs as if restated fully herein.**

75.    Defendant Manitowoc makes the Manitowoc ice machine referenced above.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 75.**

76.    The Manitowoc ice machine was unreasonably dangerous at the time it left Manitowoc's control.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 76.**

77.    The Manitowoc ice machine, when used as intended by the manufacturers, is defective and contains unreasonably dangerous internal metal edges.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 77.**

78.    As a result of the use of this unreasonably dangerous product as intended, and as placed in the stream of commerce by Manitowoc, Mr. Cathey has been injured.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 78.**

79.    Mr. Cathey is the foreseeable end user of the product, and Defendant Manitowoc was aware that an end user would use the unaltered product.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to**

form a belief as to the truth of the averments contained in paragraph 79.

## COUNT VIII

### NEGLIGENCE
### (Defendant Manitowoc)

80.    Each of the preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:    Defendant Quentin Tanner restates his answers to the proceeding paragraphs as if restated fully herein.**

81.    Defendant Manitowoc makes the Manitowoc ice machine referenced above.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 81.**

82.    The Manitowoc ice machine, when used as intended by the manufacturers is defective.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 82.**

83.    Mr. Cathey is the foreseeable end user of the product, and Defendant Manitowoc was aware that an end user would use the unaltered product.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 83.**

84.    Defendant Manitowoc has a duty to design, manufacture and sell reasonably safe equipment with adequate warnings and to not sell defective equipment.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to**

form a belief as to the truth of the averments contained in paragraph 84.

85.    Defendant Manitowoc breached its duty by supplying unreasonably dangerous internal metal edges.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 85.**

86.    Defendant Manitowoc could have provided an alternative design which is economical, practical, effective, and safe but did not do so.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 86.**

87.    As a result of the use of this unreasonably dangerous product as intended, and as placed in the stream of commerce by defendants, Mr. Cathey has been injured.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87.**

88.    Defendant Manitowoc knew or should have known, in the exercise of ordinary care, that the product was unreasonably dangerous and failed to warn of its dangerous propensity.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 88.**

89.    Defendant Manitowoc's negligence was a direct and proximate cause of Mr. Cathey's injury.  As a result of Mr. Cathey's injury, Mr. Cathey has suffered damages, including but not limited to, great physical pain, emotional distress, mental anguish, loss of life's pleasures, and Mr.

Cathey has been disabled, will suffer loss of earnings capacity, and will incur medical expense in the future.

**ANSWER:    Defendant Quentin Tanner is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 89.**

WHEREFORE, Mr. Cathey respectfully requests that this Court enter judgment against each Defendant and in favor of Plaintiff for:

    a.    Compensatory damages in an amount to be determined at trial, but in excess of $75,000;

    b.    Punitive damages in an amount to be determined at trial;

    c.    Injunctive relief providing Mr. Cathey with proper healthcare;

    d.    Attorneys fees and costs to the extent allowable by law;

    e.    Pre-judgment interest to the extent allowable by law;

    f.    All such other and further relief that the Court deems just and appropriate.

**ANSWER:    Defendant  Quentin Tanner denies that Plaintiff is entitled to monetary relief, or any relief whatsoever. Defendant Quentin Tanner denies that Plaintiff is entitled to injunctive relief, or any relief whatsoever.**

<b><u>GENERAL DENIAL</u></b>

Defendant Quentin Tanner denies each and every allegation not specifically admitted herein.

<b><u>AFFIRMATIVE DEFENSES</u></b>

<b><u>First Affirmative Defense</u></b>

At all times relevant herein, Defendant Quentin Tanner acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights

of which a reasonable person would have known. Defendant Quentin Tanner is therefore protected

from suit by the doctrine of qualified immunity.

### Second Affirmative Defense

The plaintiff can not show that Defendant Quentin Tanner had the requisite intent to

violate plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

### JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois                    By:    Austin E. Franklin
                                                       AUSTIN E. FRANKLIN
                                                       Assistant Attorney General
                                                       General Law Bureau
                                                       100 W. Randolph St., 13th Fl.
                                                       Chicago, Illinois 60601
                                                       (312) 814-3700